UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDGARDO RODRIGUEZ,

                     Plaintiff,

v.

NEW YORK CITY; US MARSHAL et al.;
PETER HERZ MD; PETER WACHTER, DO;
RAYMOND L. COLON, Esq.; JAMES P.
HARDING, Esq.; US OF AMERICA;
GRULLON,

                     Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
19-CV-1526 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Edgardo Rodriguez, proceeding pro se from federal prison, brings this action pursuant to 42 U.S.C. § 1983. By memorandum and order dated July 10, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis*, dismissed *sua sponte* Plaintiff's initial complaint in its entirety for failure to state a plausible claim for relief, and granted Plaintiff leave to amend. (ECF No. 10.)

      In his amended complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against Defendants New York City (the "City"); unnamed U.S. Marshals; Peter Herz, M.D.; Peter Wachter, D.O.; Raymond L. Colon, Esq.; James P. Harding, Esq.; the United States of America; and an individual or entity named Grullon for alleged violations of his Eight and Fourteenth Amendment rights. (Am. Compl., ECF No. 14.) Specifically, Plaintiff claims that he was unlawfully detained beyond the expiration of a custodial sentence in violation of his right to du process. (*Id.* at 2.)

# BACKGROUND[1]

Plaintiff was in state custody on unspecified charges from September 2013 to September 2015. (*Id.* ¶ 1.) Plaintiff notes that he has a motion to vacate a federal sentence pending before District Judge Joanna Seybert in case number 15-CR-652 (E.D.N.Y.) on the ground that his federal and state sentences should have run concurrently. (*Id.* at 3 ¶ 6.) A review of that criminal docket indicates that Plaintiff was indicted on one count of Hobbs Act robbery on December 30, 2015, pleaded guilty on December 8, 2016, and was sentenced to seventy-two months' imprisonment to be followed by three years' supervised release on December 6, 2017. The December 7, 2017 judgment of conviction credits Plaintiff with the time he already served in state custody. At an unspecified time, Plaintiff was transferred from federal to state custody, where he was imprisoned from December 12, 2017, to August 16, 2018. (*Id.* at 2 ¶¶ 1–2.)

# STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

---

[1] The following facts are taken from the amended complaint and any documents incorporated by reference therein. Unless otherwise indicated, they are assumed to be true for the purposes of this memorandum and order.

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The same standard applies under § 1915A(b) to claims by prisoners against government officials or employees.

## DISCUSSION

Construing the amended complaint liberally, Plaintiff asserts a single § 1983 claim against all Defendants arising out of his alleged detention in state custody beyond the expiration of his term of imprisonment.[2] (*See generally* Am. Compl. 2–3.)

As a threshold matter, the United States enjoys sovereign immunity from claims for money damages for alleged constitutional violations. *Robinson v. Overseas Military Sales*

---

[2] Plaintiff appears to have abandoned the deliberate-indifference claim he asserted in his original complaint. Specifically, Plaintiff states that he "cannot meet deliberate indifference claim upon each doctor Peter Herz MD, Peter Wachter DO" but contends that he can establish an unlawful-detention claim. (Am. Compl. 4.) To the extent the amended complaint maintains any claim for deliberate indifference to medical needs arising out of the two injuries Plaintiff allegedly sustained on June 25 and July 27, 2018, while in state custody, such claims are fatally deficient for the reasons set forth in the Court's July 9, 2019 memorandum and order. (ECF No. 10.)

3

*Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).[3] Thus, Plaintiff may not maintain his claim as against the United States.

As to Plaintiff's claim against the remaining Defendants, "it is well established that 'an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment.'" *McDay v. Travis*, 303 F. App'x 928, 930 (2d Cir. 2008) (summary order) (quoting *Calhoun v. N.Y. State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993)). Section 1983 provides a right of action to redress a violation of this right. *See id.* (finding that undisputed facts surrounding New York City's unauthorized detention of the plaintiff for eight months beyond his maximum release date "might prove to be grounds for the City's liability under 42 U.S.C. § 1983 if they reflect a City policy that resulted in a violation of plaintiff's due process rights"); *Brunson v. Duffy*, 14 F. Supp. 3d 287, 291–94 (S.D.N.Y. 2014) (analyzing claim against individual defendants arising out of allegedly prolonged detention of nearly three months). To plead a § 1983 claim for prolonged detention in violation of the right to due process, a plaintiff must plausibly allege that he was denied an "opportunity to be heard 'at a meaningful time and in a meaningful manner'" regarding his detention. *Calhoun*, 999 F.2d at 653 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).[4]

"It is [also] well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v.*

---

[3] Section 1983 applies only to conduct under color of state law. Because the United States acts under federal law, the Court construes Plaintiff's § 1983 claim against the United States as a *Bivens* claim. *Robinson*, 21 F.3d at 510.

[4] The prolonged detention of an inmate beyond his maximum term of imprisonment may also violate the Eighth Amendment if it is of sufficient duration to constitute "a harm of magnitude" that violates the inmate's right to be free from cruel and unusual punishment. *Calhoun*, 999 F.2d at 654 (holding that a five-day extension of the plaintiff's release date did not constitute an Eighth Amendment violation) (quoting *Sample v. Diecks*, 885 F.2d 1099, 1109 (3rd Cir. 1989)). To plead an Eight Amendment violation, a plaintiff must plausibly allege that the defendants were "deliberately indifferent to his problem," the prolonged detention. *Id.*

*Ellen,* 593 F.3d 233, 249 (2d Cir. 2010). Moreover, to plead a § 1983 claim against a municipal entity like the City, a plaintiff must show both the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978). Neither a mere recitation of a failure to train municipal employees nor of a single incident is sufficient to raise an inference of the existence of a custom, policy, or practice. *See, e.g., Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (affirming dismissal of a *Monell* claim where the plaintiff identified, "at most, only four examples" of constitutional violations, because "[t]his evidence falls far short of establishing a practice that is so persistent and widespread as to justify the imposition of municipal liability" (internal quotations omitted)).

Here, Plaintiff fails to allege such personal involvement by any of the remaining Defendants. As to the City, Plaintiff does not allege any facts that would support a finding of an official policy or custom that resulted in his alleged constitutional deprivation. (*See* Am. Compl. 2 ¶ 1.) As to the unnamed U.S. Marshals, Plaintiff simply alleges that they "were involved in [his] transfer" from federal to state custody, but he does not allege any involvement in his allegedly prolonged detention in state custody. (*Id.* ¶ 2.) With respect to Dr. Herz, Dr. Wachter, and James P. Harding, Esq., Plaintiff alleges no facts whatsoever. (*See id.* ¶¶ 3–4.) Plaintiff alleges that Raymond L. Colon, an attorney, "did nothing to help" Plaintiff remediate his alleged constitutional violations. (*Id.* ¶ 5.) However, Plaintiff does not allege that Mr. Colon participated in any way in causing such violations in the first place. Finally, Plaintiff alleges simply that the individual or entity name Grullon was "personally involved in his official capacity and physical capacity as '311' Social Service for [the state prison]."[5] (*Id.* at 3 ¶ 7.) In

---

[5] Plaintiff's use of "311" appears to refer to NYC 311, a local administrative agency that "provide[s] the public with quick, easy access to all New York City government services and information" by telephone and other means of

short, Plaintiff has failed to plausibly allege that any Defendant was personally involved in his alleged constitutional injury. As such, his sole claim fails.

## CONCLUSION

For the foregoing reasons, the amended complaint is dismissed in its entirety. The claim against the United States is dismissed on the ground of sovereign immunity. 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2). The claim against the remaining Defendants is dismissed for failure to state a plausible claim for relief. *Id.* §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

In light of his pro se status, Plaintiff is granted leave to file a second amended complaint within 30 days from the entry of this memorandum and order. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The second amended complaint must be captioned "Second Amended Complaint" and bear the same docket number as this memorandum and order. Failure to timely file a second amended complaint shall result in dismissal of this action for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      October 11, 2019

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

---

communication. *See generally* New York State, Local and Regional Authorities, NYC 311, https://www.ny.gov/agencies/nyc-311 (last visited Oct. 8, 2019).