UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGARDO RODRIGUEZ, <br><br>                              Plaintiff, <br><br> v. <br><br> NEW YORK CITY; GRULLON NYC 311, <br><br>                              Defendants. | NOT FOR PUBLICATION <br><br> **MEMORANDUM AND ORDER** <br> 19-CV-1526 (LDH) (LB) |

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Edgardo Rodriguez, proceeding pro se from federal prison,[1] brings this action pursuant to 42 U.S.C. § 1983 seeking damages for violations of his Fourth, Eighth and Fourteenth Amendment rights.  On July 10, 2019, the Court dismissed Plaintiff's original complaint, granting leave to amend within 30 days.  (Compl., ECF No. 10.)  Plaintiff filed an amended complaint on August 12, 2019.  (Am. Compl. ("AC"), ECF No. 14.)  On October 11, 2019, the Court dismissed Plaintiff's first amended complaint, granting leave to amend within 30 days.  (ECF No. 16.)  On November 5, 2019, Plaintiff timely filed a second amended complaint naming defendants New York City and "Grullon NYC 311."  (Sec. Am. Compl. ("SAC"), ECF No. 18.)

## BACKGROUND[2]

In his state court criminal case, Plaintiff was arrested on September 3, 2013, was charged with robbery in the first degree, pleaded guilty on September 30, 2015, and was sentenced to two years custody on December 30, 2015.  (15-CR-652, Letter from the AUSA Gatz at 1, ECF No.

---

[1] *See* Federal Bureau of Prisons Inmate Lookup, *available at* https://www.bop.gov/inmateloc/ (accessed May 18, 2020).

[2] The following facts are taken from the second amended complaint and amended complaint and are assumed true for the purposes of this memorandum and order.  The court has also reviewed the docket in Plaintiff's federal criminal case and related habeas case, which provides information about Plaintiff's state and federal criminal cases.  *See United States v. Rodriguez*, 15-CR-652 (JS) (Docket Entry Nos. 1, 3, 25, 26, 28, 33, 35).

1

33.) Since Plaintiff had been in custody for more than two years at the time of state-court sentencing, he alleges that the sentence was time-served. (AC at 2 ("Plaintiff was in State Custody 9-3-13 up to September 2015 and on the day of Trial Term receive time serve [sic] for 24 months.").)

On the day that Plaintiff was sentenced in state court, he was indicted in the Eastern District of New York. (15-CR-652, Dec. 30. 2015 Sealed Indictment, ECF No. 1.) On January 7, 2016, Plaintiff "was brought into federal custody via *writ* and charged with Hobbs Act Robbery Conspiracy." (*Id.*, Letter from the AUSA Gatz at 1; *see also id.,* ECF No. 3.) On December 8, 2016, Plaintiff pleaded guilty to robbery conspiracy. (*Id.*, ECF No. 18.) On December 6, 2017, Plaintiff was sentenced to a term of seventy-two months' imprisonment to be followed by three years' supervised release. (*Id.*, ECF No. 26.) The district judge recommended that the Bureau of Prisons ("BOP") make a determination as to whether to credit Plaintiff's time served in Rikers Island toward this seventy-two month term of imprisonment. (*Id.*, Letter from the AUSA Gatz at 2; Sentencing Transcript at 6-7, ECF No. 34.)

On December 12, 2017, Plaintiff was returned to state custody where he remained until he was transferred back to federal custody on approximately August 27, 2018.[3] (*Id.*, Letter from AUSA Gatz at 2.) Plaintiff "was returned to state custody to determine if his state sentence was complete. On 8/27/18, [Plaintiff] completed his state sentence and was returned to federal custody." (*Id.*) BOP subsequently made the determination that the time Plaintiff spent in state custody does not count toward his federal sentence. (*Id.*)

Plaintiff alleges that this period of detention at the OBCC jail on Rikers Island that lasted "almost eight months"—from December 12, 2017 to approximately August 27, 2018—violated

---

[3] The date that Plaintiff returned to federal custody is unknown at this juncture. Plaintiff's SAC states that he left state custody on either July 13, 2018 or August 16, 2018. (SAC at 1.)

2

his constitutional rights because it occurred after the expiration of his maximum term of imprisonment for his state court conviction. (SAC at 1; 15-CR-652, Letter from AUSA Gatz at 1.)

Plaintiff's case caption lists New York City and Grullon NYC 311 as Defendants. (*See* SAC.) With respect to "Grullon NYC 311" Plaintiff alleges that this entity or person was personally involved in his official capacity and individual capacity as '311' Social Service for OBCC in Rikers Island." (*Id*. at 2.) Moreover, Plaintiff's "Statement of Claims" also identifies "'OBCC' John Doe" as a Defendant. (*Id.* at 1.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Similarly, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

Plaintiff names the City of New York as a defendant in his SAC. To plead a § 1983 claim against a municipal entity like the City, a plaintiff must show both the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) ("Government bodies can act only through some natural persons; therefore governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights."). The Court previously found that "[a]s to the City, Plaintiff does not allege any facts that would support a finding of an official policy or custom that resulted in his alleged constitutional deprivation." (*See* ECF No. 16 at 5.) Plaintiff's

SAC does not allege any additional facts to cure this deficiency.  Accordingly, the § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Likewise, the Court previously dismissed Plaintiff's claims against "Grullon NYC 311," because Plaintiff failed to plausibly allege that Grullon NYC 311 was personally involved in his alleged constitutional injury.  (*See* ECF No. 16 at 5-6.)  Plaintiff's failure to allege any additional facts regarding the personal involvement of "Grullon NYC 311" is fatal.  *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").  Thus, the § 1983 claim against the "Grullon NYC 311" is dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Nevertheless, "*[p]ro se* pleadings, like [plaintiff's second] amended complaint here, warrant especially liberal construction and should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations."  *Shariff v. United States*, 689 F. App'x 18, 18 (2d Cir. 2017) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)).  Plaintiff's pleadings, collectively and construed liberally, set forth a §1983 claim against jail officials for detention in local custody beyond his maximum term of imprisonment in violation of the Due Process Clause.  *See Francis v. Fiacco*, 942 F.3d 126, 142 (2d Cir. 2019) ("[A] prisoner's liberty interest in freedom from detention implicates the Due Process Clause not only when a jury convicts him or when a court initially sentences him, but also when prison officials interpret and implement the sentence that the trial court has imposed."); *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993) ("Under both the due-process clause and state law, an inmate has a liberty interest in

5

being released upon the expiration of his maximum term of imprisonment."). Plaintiff's alleged prolonged detention beyond his maximum term of imprisonment may also violate the Eighth Amendment if it is of sufficient duration to constitute a "harm of magnitude" that violates the inmate's right to be free from cruel and unusual punishment. *Francis,* 942 F.3d at 149-150 (citing *Sample v. Diecks*, 885 F.2d 1099, 1109 (3rd Cir.1989), for the proposition that an Eighth Amendment violation can result from nine-month detention beyond the expiration date of a sentence).

As the Second Circuit has admonished, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Shariff v. United States*, 689 F. App'x 18, 19 (2d Cir. 2017) (quoting *United States v. Schwimmer*, 968 F.2d 1570, 1575 (2d Cir. 1992)). Here, while the case caption only states that Plaintiff brings a cause of action against New York City and Grullon NYC 311, the Court construes Plaintiff's allegation of "OBCC John Doe" in his statement of claim as a claim against a John Doe Defendant, the prison official responsible for the calculation of Plaintiff's state court release date who was omitted from the caption. *See Shariff*, 689 F. App'x at 20 (vacating district court's dismissal of *pro se* complaint that did not identify all defendants in the case caption, but where plaintiff included a bolded list of names at the bottom of the amended complaint). Accordingly, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court directs the State and City of New York to assist Plaintiff in identifying the individual(s) that can answer Plaintiff's claim that he was unlawfully detained eight months beyond the expiration of his custodial sentence in state custody.

## CONCLUSION

Plaintiff's § 1983 claims against the City of New York and "Grullon NYC 311" are

6

dismissed for failure to state a claim on which relief may be granted. No summons shall issue as to these defendants.

Plaintiff's claim against OBCC John Doe regarding prolonged detention beyond his maximum term of imprisonment may proceed. Pursuant to the holding in *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court requests that within forty-five (45) days the Attorney General of the State of New York and the Corporation Counsel of the City of New York ascertain the full name(s) and service address(es) of the individual or entity that can answer Plaintiff's claim that he was unlawfully detained eight months beyond the expiration of his custodial sentence. Neither the Attorney General nor the Corporation Counsel need undertake to defend or indemnify this individual merely because of the issuance of the order. Once identified, the complaint shall be further amended, and the United States Marshal Service shall be directed to serve the summons and the second amended complaint without prepayment of fees.

A copy of this order shall be served on the Special Federal Litigation Division of the Corporation Counsel and the Attorney General of the State of New York. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  
      September 3, 2020

/s/ LDH  
L`A`SHANN D`E`ARCY HALL  
United States District Judge

7